# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59711-0-II |
| Respondent, | |
| v. | |
| COLBY JARED SMITHINGELL, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—Colby Jared Smithingell was convicted of first degree robbery after he robbed a Subway sandwich shop with an apparent weapon. In addition to his sentence, the trial court imposed a lifetime no-contact order with the Subway store clerk and a 5-year ban from Subway establishments. Smithingell appeals his sentence, arguing that the trial court erred by imposing community custody conditions that exceeded the duration of his community custody term.

We conclude that the trial court did not err because these conditions were crime-related prohibitions that did not exceed the maximum sentence for Smithingell's first degree robbery conviction. Accordingly, we affirm.

FACTS

A jury convicted Colby Jared Smithingell of first degree robbery following an incident in which Smithingell robbed a Subway sandwich shop with an apparent weapon.

At sentencing, the State recommended a mid-range sentence and that the court impose a no-contact order between Smithingell and the Subway store clerk for life and a lifetime ban from entering any Subway establishment. Smithingell requested a sentence at the low end of the sentence range, agreed that a no-contact order with the store clerk was appropriate, but contended that a lifetime ban from any Subway was not appropriate. The trial court imposed a mid-range sentence and the required 18 months of community custody. The trial court also ordered lifetime no contact with the store clerk and a five-year ban from Subway. Smithingell appeals his sentence, arguing that the trial court erred by imposing community custody conditions that exceed the term of community custody.

ANALYSIS

Smithingell contends that the trial court erred by imposing community custody conditions that exceeded the length of the community custody term. Specifically, Smithingell argues that the trial court erred by ordering Smithingell to have no contact with the store clerk for life and banning him from Subway shops for five years because these conditions exceed the length of Smithingell's 18-month term of community custody. The State contends that the trial court was authorized to impose these conditions as crime-related prohibitions for up to the statutory maximum sentence for the crime under RCW 9.94A.505(9). We agree with the State.

Generally, we review the trial court's imposition of crime-related prohibitions for abuse of discretion. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). However, we review

the legal issue of whether a trial court has exceeded its authority under the SRA de novo. *Id.* Accordingly, we consider whether the trial court exceeded its authority under the SRA by imposing crime-related prohibitions that exceed the term of community custody de novo.

Smithingell contends that the trial court did not have authority to impose a ban or no-contact order that exceeded the length of the community custody term because the orders were not domestic violence protection orders. But our supreme court has held that, under RCW 9.94A.505(9), the trial court has authority to impose crime-related prohibitions for up to the statutory maximum of the defendant's crime. *Id.* at 118-19 (interpreting former RCW 9.94.505(8) which later became (9), LAWS OF 2019, ch. 191, § 3). RCW 9.94A.505(9) does not limit this discretion to only crimes involving domestic violence. A " '[c]rime-related prohibition' " is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

The orders prohibiting Smithingell from having contact with the store clerk and Subway establishments directly relate to Smithingell's robbery conviction. Therefore, they are crime-related prohibitions that may be imposed for up to the statutory maximum sentence for first degree robbery. The maximum sentence for fist degree robbery is life imprisonment. RCW 9A.56.200(2); RCW 9A.20.021(1)(a). Accordingly, the trial court did not err by imposing a lifetime no-contact order and 5-year ban from Subway establishments as crime-related prohibitions.

CONCLUSION

We conclude that the trial court did not err by imposing a lifetime no-contact order with the store clerk and 5-year ban from Subway establishments as crime-related prohibitions. Accordingly, we affirm Smithingell's sentence.

No. 59711-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

VELJACIC, J.

PRICE, J.